**CLOSED**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PETER J. ARENDAS, | : | Civil No. 09-6530 (KSH) |
| Plaintiff, | : | |
| v. | : | **ORDER** |
| FREDERIC S. KESSLER, et al., | : | |
| Defendants. | : | |

IT APPEARING THAT:

1. Plaintiff, a prisoner who is incarcerated at Somerset County Jail in New Jersey, submitted to the Clerk for filing a pro se Complaint with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Plaintiff subsequently submitted a Supplemental Complaint.  Plaintiff asserts that Judge Kessler issued a falsified court decision on June 27, 2008, and that April Ravaioli conspired and committed perjury in a proceeding involving Plaintiff.

2. The Prison Litigation Reform Act of 1995 ("PLRA"), enacted on April 26, 1996, prohibits a prisoner from bringing a civil action in forma pauperis pursuant to 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

3. While incarcerated, Plaintiff has had at least three prior civil actions and/or appeals dismissed by a court of the United States on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted.  See, e.g., Arendas v. Somerset County Sheriff's Dept., Docket No. 09-5782 (FLW) order (D.N.J. June 16, 2010); Arendas v.

Hillsborough Police Dept., Docket No. 09-5965 (MLC)) order (D.N.J. July 2, 2010); Arendas v. Somerset County Sheriff's Dept., Docket No. 09-6061 (JAP) order (D.N.J. July 6, 2010).

4. The facts asserted in the instant Complaint do not show that Plaintiff is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g); Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001)..

IT IS therefore on this 7th day of July, 2010,

ORDERED that, pursuant to 28 U.S.C. § 1915(g), Plaintiff's request to proceed in forma pauperis is hereby DENIED WITH PREJUDICE; and it is further

ORDERED that the Clerk shall administratively terminate this action, without filing the Complaint or assessing a filing fee; and it is further

ORDERED that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, see Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Del. State Police, 88 F. 3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Educ., 45 F. 3d 161, 163 (7th Cir. 1995); and it is further

ORDERED that, if Plaintiff pays the $350.00 filing fee to the Clerk within 30 days of the date of the entry of this Order, then the Court will reopen the case and screen the Complaint for dismissal ; and it is finally

ORDERED that the Clerk shall serve a copy of this Order upon Plaintiff by regular mail at the address on the docket, and shall also send a copy to Plaintiff at the following address: C/O Gerald Betzner, Esq., 17 E. Union Avenue, Bound Brook, NJ 08805, and close the file.

      /s/ Katharine S. Hayden
      **KATHARINE S. HAYDEN, U.S.D.J.**